UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| SCOTT KELLER and MARNIE KELLER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO INSURANCE, INC.,<br><br>Defendants. | Case No. 2:14-cv-00422<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(d) AND 1441** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d) and 1441, defendants WELLS FARGO BANK, N.A. ("Wells Fargo Bank") and WELLS FARGO INSURANCE, INC. ("Wells Fargo Insurance") (jointly "Defendants") hereby remove the above-captioned action from King County Superior Court to the United States District Court for the Western District of Washington. Original federal jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1332(d)). Therefore, this case is removable to this Court under 28 U.S.C. § 1441.

## PROCEDURAL BACKGROUND

1. On February 14, 2014, SCOTT KELLER and MARNIE KELLER ("Plaintiffs"), purportedly on behalf of themselves and all others similarly situated, filed a complaint seeking damages (the "Complaint") in King County Superior

Case No.: 2:14-cv-00422
NOTICE OF REMOVAL TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332(d) AND 1441 - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  Court, Case No. 14-2-04939-1 SEA (the "State Court Action").  Plaintiffs filed the
2  Complaint as a putative class action.
3      2.    Plaintiffs purport to assert claims against Defendants labeled as:
4  (1) Breach of Contract; (2) Unjust Enrichment; (3) Breach of the Implied Covenant
5  of Good Faith and Fair Dealing; (4) Breach of Fiduciary Duty; and (5) Violation of
6  the Washington State Consumer Protection Act.
7      3.    The Complaint sets forth a putative class of plaintiffs to include:

> All homeowners in the state of Washington who were charged for forced-place (sic) hazard insurance through Wells Fargo Bank N.A. and/or Wells Fargo Insurance, Inc. from February 13, 2010 to the present.

Complaint ¶ 26.  Excluded from the putative class are "Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives . . . the judge to who[m] this case is assigned and any members of the judge's immediate family." *Id.*

    4.    Plaintiffs allege the case is appropriate for class action treatment because, among other things:

> The proposed Class is so numerous that joinder of all members would be impracticable.  Defendants sell and service thousands of mortgage loans and insurance policies in the state of Washington. . . .  On information and belief, the Class numbers in the tens of thousands.
> ***
> Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

Complaint ¶¶ 27, 29.  In addition, Plaintiffs allege that the "common issues arising from [Defendants'] conduct that affect Plaintiffs and members of the Class predominate over any individual issues." *Id.* ¶ 31.

---

Case No.: 2:14-cv-00422
NOTICE OF REMOVAL TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332(d) AND 1441 - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

**TIMELINESS OF REMOVAL**

5. On February 20, 2014, Plaintiffs served a summons, the Complaint, and related papers on both Defendants. True and correct copies of these documents are attached as Exhibit 1. This constitutes all process, pleadings, and orders served in the State Court Action.

**CLASS ACTION FAIRNESS ACT JURISDICTION**

6. This Court has original jurisdiction under the Class Action Fairness Act of 2005 (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a District Court shall have original jurisdiction of a class action with 100 or more putative class members where the amount in controversy exceeds $5 million, exclusive of interest and costs, and citizenship is diverse between at least one putative class member and one defendant.

7. Removal of the State Court Action to federal court under the Class Action Fairness Act of 2005 is proper inasmuch as: (a) Plaintiffs allege a class of more than 100 putative class plaintiffs; (b) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (c) there is diversity of citizenship between one or more putative class member and Defendants.

8. Plaintiffs are both Washington citizens. Complaint ¶ 6 (alleging that "Plaintiffs Scott and Marnie Keller are residents of Bellingham, Washington."); *Kantor v. Wellesley Galleries,* 704 F.2d 1088, 1090 (9th Cir. 1983) (for diversity purposes, an individual is a citizen of the state in which he or she is domiciled).

9. Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, as a national banking association, is a citizen of the state where it is "located." In 2006, the United States Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt,* 546 U.S. 303, 306-307

Case No.: 2:14-cv-00422
NOTICE OF REMOVAL TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332(d) AND 1441 - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  (2006).  Wells Fargo Bank, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota.  Attached hereto as Exhibit 2 are true and correct copies of the Articles of Association for Wells Fargo Bank as filed with the Securities and Exchange Commission, reflecting that Wells Fargo Bank (at Article II, § 1) has its main office in Sioux Falls, South Dakota.  *Castillo v. Wells Fargo Bank, N.A.*, 2014 WL 358405, * 3 (C.D. Cal. Jan. 31, 2014) (Wells Fargo Bank is a citizen of South Dakota).  Wells Fargo Bank, therefore, is a citizen of South Dakota.

10. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  *See also The Hertz Corp. v. Friend,* 559 U.S. 77 (2010).  According to the records of the Minnesota Secretary of State, which are attached hereto as Exhibit 3, Wells Fargo Insurance is incorporated in Minnesota and has its principal executive offices in St. Louis Park, Minnesota.  Wells Fargo Insurance, therefore, is a citizen of Minnesota.

11. Plaintiffs allege, on information and belief, that the "Class numbers in the tens of thousands."  Complaint ¶ 27.

12. The alleged amount in controversy for the putative class action exceeds $5 million.  The Complaint concerns allegations about property insurance that Wells Fargo Bank purchased for mortgage borrowers' homes across Washington during the four years prior to suit.  Plaintiffs allege that Defendants' practice regarding such lender placed insurance was wrongful.  Particularly, Plaintiffs allege that the premiums for such insurance were "far more expensive than other policies," that the premiums included "commissions (kickbacks)" and other "compensation for Defendants that Defendants never legitimately earned."  Complaint ¶ 5.  Plaintiffs also broadly attack  the insurance premiums based on the allegation that Defendants "systematically charged borrowers for unnecessary insurance coverage" and for "backdated coverage."  *Id.* ¶ 28.

Case No.: 2:14-cv-00422
NOTICE OF REMOVAL TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332(d) AND 1441 - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

13. Plaintiffs also allege that Defendants purchased lender placed insurance for borrowers when the homeowner had sufficient escrow funds to renew existing policies and that borrowers should not have been charged for lender placed insurance. *Id.* ¶¶ 47, 51, 59, 77, and 79. Plaintiffs claim their injuries are "typical of the claims of the Class." *Id.* ¶ 29. The premiums that Wells Fargo Bank charged borrowers in Washington from February 3, 2010, to the present exceed $5,000,000. Indeed, they exceed $25,000,000. Declaration of Chris Hutchison In Support Of Defendants' Notice of Removal, ¶ 3.

14. Intradistrict Assignment: This action should be assigned to a judge in Seattle pursuant to LCR 3 because the Plaintiffs' claim arose where they reside in Bellingham, Whatcom County. Complaint ¶ 6. Defendants are not aware of any basis for reassigning the case to a judge in Tacoma.

DATED this 24th day of March, 2014.

s/ Robert J. Bocko
s/ Molly J. Henry
Robert J. Bocko, WSBA No. 15724
Molly J. Henry, WSBA No. 40818
Attorneys for Defendant
WELLS FARGO BANK, N.A. and WELLS FARGO INSURANCE, INC.
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:   (206) 622-3790
Facsimile:   (206) 343-9529
*E mail:*   robert.bocko@kyl.com
             molly.henry@kyl.com

Case No.: 2:14-cv-00422
NOTICE OF REMOVAL TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332(d) AND 1441 - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

# **CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

| | |
|---|---|
| Adria Vondra, Esq.<br>Northwest Consumer Law Center<br>520 E Denny Way<br>Seattle, WA  98122-2138<br>Email:  adria@nwclc.org<br>Attorneys for Plaintiffs | Beth E. Terrell, Esq.<br>Jennifer Murray, Esq.<br>Terrell Marshall Daudt & Willie PLLC<br>936 N 34th St, Ste 300<br>Seattle, WA  98103-8869<br>Email:  bterrell@tmdwlaw.com<br>Attorneys for Plaintiffs |

David A. Leen, Esq.
Leen & O'Sullivan PLLC
520 E Denny Way
Seattle, WA  98122-2138
Email:  david@leenandosullivan.com
Attorneys for Plaintiffs

DATED this 24th day of March, 2014, at Seattle, Washington.

*/s/ Mary E. Tappero*
Mary E. Tappero

KYL_SE92528.v2

Case No.:  2:14-cv-00422
NOTICE OF REMOVAL TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332(d) AND 1441 - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790