# EXHIBIT 1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

SCOTT KELLER AND MARNIE KELLER,
on behalf of themselves and others similarly
situated,

                     Plaintiffs,

     v.

WELLS FARGO BANK, N.A. and WELLS
FARGO INSURANCE, INC.,

                   Defendants.

NO.  14-2-04939-1 SEA

SUMMONS

**THE STATE OF WASHINGTON, TO: Defendants above named**

A lawsuit has been started against you in the above entitled court by Scott Keller and

Marnie Keller, plaintiffs. Plaintiff's claims are stated in the written complaint, a copy of which is

served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the person signing this summons within 20 days

after the service of this summons, excluding the day of service, or a default judgment may be

SUMMONS - 1

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

entered against you without notice. A default judgment is one where plaintiff is entitled to what he

or she asks for because you have not responded. If you serve a notice of appearance on the

undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in the matter, you should do so promptly so

that your written response, if any, may be served and filed with the court on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of

Washington.

DATED this 13th day of February, 2014.

By: _____

Adria Vondra, WSBA No. 40883
Email: adria@nwclc.org
520 East Denny Way
Seattle, Washington 98122
Telephone: (206) 805-0989
Facsimile: (206) 299-9337

Beth E. Terrell, WSBA No. 26759
Email: bterrell@tmdwlaw.com
Jennifer Murray, WSBA No. 36983
Email: jmurray@tmdwlaw.com
TERRELL MARSHALL DAUDT
   & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

David A. Leen, WSBA No. 3516
Email: david@leenandosullivan.com
LEEN & O'SULLIVAN PLLC
520 East Denny Way
Seattle, Washington 98122
Telephone: (206) 325-6022
Facsimile: (206) 325-1424

SUMMONS - 2

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

Notice of Removal, Exh. 1, p. 09

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

SCOTT KELLER and MARNIE KELLER, on
behalf of themselves and others similarly
situated,

                    Plaintiffs,

     v.

WELLS FARGO BANK, N.A. and WELLS
FARGO INSURANCE, INC.,

                 Defendants.

NO.  14-2-04939-1 SEA

**CLASS ACTION COMPLAINT
FOR DAMAGES**

## I. INTRODUCTION

1.    Plaintiffs Scott and Marnie Keller ("Kellers" or "Plaintiffs")  bring this class action

lawsuit on behalf of themselves and a proposed Class of all others similarly situated against

WELLS FARGO BANK, N.A. ("WFB" or  "Wells Fargo Bank") and WELLS FARGO

INSURANCE, INC. ("WFI"  or "Wells Fargo Insurance") (collectively "Defendants" or "Wells

Fargo").  Plaintiffs allege as follows:

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 1

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

2.      Plaintiffs and proposed Class members currently have or formerly had mortgage loans with Wells Fargo Bank, secured by their residential property.

3.      Defendants systematically violated the legal rights of Plaintiffs and Class members, as set forth below.

4.      During the applicable statutory period, Defendants required Plaintiffs and Class members to purchase and maintain hazard insurance on their property.  Defendants also required Plaintiffs and Class members to maintain funds sufficient to pay for this insurance in escrow accounts. If insurance lapsed, Defendants unfairly, deceptively, and unlawfully force placed hazard insurance from Defendants' chosen insurance company in amounts greater than required by law, greater than required by their mortgages and deeds of trust, and greater than Defendants' interest in their property, without any reasonable basis or justification.  The premiums for the policies force placed on Plaintiffs and Class members were substantially more than Plaintiffs and Class members' original policies and substantially more than the reserves maintained in Plaintiffs and Class members' escrow accounts.  For example, the insurance policies that Defendants "force place" on consumers often are retroactive to when the insurance lapsed, even if the lapse was not discovered until months down the road and despite the fact that no claim or damage occurred to the property during that time.  Moreover, Defendants unfairly, deceptively, and unlawfully force placed insurance on borrowers even when they could have renewed existing policies, or while the homeowner had sufficient escrow funds to renew existing policies.

5.      Defendants unfairly, unjustly, and unlawfully profited from imposing force-placed hazard insurance on Plaintiffs' property and the property of other Class members.  Defendants' scheme is systematic: They purchase hazard insurance from force-placed insurance providers and

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 2

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

then pass on the premiums for these policies to homeowners whose insurance policies have lapsed. The premiums that Defendants pass on to homeowners, which are far more expensive than other policies, include commissions (kickbacks) or other compensation for Defendants that Defendants never legitimately earned. Defendants unfairly and deceptively have failed to disclose to Plaintiffs and Class members that the "commissions" they earned were not legitimately earned and amounted to unlawful kickbacks. Defendants unfairly and deceptively have failed to disclose that the force-placed hazard insurance policies are far more expensive than other available policies.

## II. PARTIES

6. <u>Plaintiffs</u>. Plaintiffs Scott and Marnie Keller are residents of Bellingham, Washington.

7. <u>Defendant Wells Fargo Bank, N.A.</u> Wells Fargo Bank, N.A. is a national bank registered to do business in the state of Washington. Wells Fargo Bank, N.A. does business in most counties in the state of Washington, including King County.

8. <u>Defendant Wells Fargo Insurance, Inc.</u> Defendant Wells Fargo Insurance, Inc. is an affiliate of Wells Fargo Bank, N.A. registered to do business in the state of Washington. Wells Fargo Insurance, Inc. does business in most counties in the state of Washington, including King County. Upon information and belief, Wells Fargo Insurance, Inc. exists to collect premiums as payments from actual insurance companies.

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 3

Notice of Removal, Exh. 1, p. 12

## III. JURISDICTION AND VENUE

9.   Subject Matter Jurisdiction.  This Court has subject matter jurisdiction over

Plaintiffs' claims because Defendants do business in the state of Washington and have obtained

the benefits of the laws of the state of Washington.

10.   Personal Jurisdiction.  This Court has personal jurisdiction over Defendants because

both Defendants are registered to do business in King County, Washington and do business in

King County, Washington.  Thus, they have purposely availed themselves of the laws of this state.

11.   Venue.  Venue is proper in King County because Defendants transact business in

King County and much of the course of conduct alleged herein occurred in King County.

## IV. FACTUAL ALLEGATIONS

12.   On October 27, 2004, Plaintiffs Scott and Marnie Keller obtained a loan in the

amount of $150,000 from Wells Fargo Bank, N.A., secured by a Deed of Trust on residential real

property in Bellingham, Washington.

13.   Plaintiffs' Deed of Trust includes the following provisions:

> Borrower shall keep the improvements now existing or hereafter
> erected on the Property insured against loss by fire, hazards
> included within the term "extended coverage" and any other
> hazards including, but not limited to, earthquakes, floods, for
> which Lender requires insurance.

> If Borrower fails to maintain any of the coverages described above,
> Lender may obtain insurance coverage, at Lender's option and
> Borrower's expense.  Lender is under no obligation to purchase
> any particular type or amount of coverage.   Therefore, such
> coverage shall cover Lender, but might not protect Borrower,
> Borrower's equity in the Property, or the contents of the Property,
> against any risk, hazard or liability and might provide greater or
> lesser coverage than was previously in effect.

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 4

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

14.    From the inception of the mortgage, the Kellers obtained the required hazard insurance though the Mutual of Enumclaw Insurance Company.

15.    Wells Fargo Bank specifically agreed to disburse the annual insurance payments from the Kellers' escrow account.  The annual premiums consisted of the following amounts:

> 2004:  $444.00
> 2005:  $486.00
> 2006:  $464.00 (partial year payment due to failure of Wells Fargo to timely
> pay the premium, but the policy was reinstated.)
> 2007:  $611.00
> 2008:  $688.00
> 2009:  $726.00

16.    At all times since the inception of the loan, the Kellers maintained an escrow balance sufficient to pay the hazard insurance and property taxes.  Beginning in 2006, however, the Kellers started to receive notices from Mutual of Enumclaw that their home insurance premiums had not been paid.  When the Kellers received these notices, they contacted WFB, informed WFB that the premiums had not been paid, and demanded that WFB pay the premiums. Until the annual period commencing on October 29, 2010, WFB paid the premiums, but as a result of Defendants' failure to timely disburse the premium amounts from the Kellers' escrow account, Mutual of Enumclaw increased the Kellers' yearly premiums.

17.    On information and belief, Defendants failed to disburse funds from the Kellers' escrow account to pay the Kellers' property insurance for the annual period commencing October 29, 2010 and ending October 29, 2011.  WFB failed to make this payment despite the Kellers' timely payments of all amounts due under their mortgage with Wells Fargo Bank, including a portion of their payment deposited into their insurance escrow account,

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 5

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

18.    In January, 2011, the Kellers received a letter from WFB informing them that their hazard insurance had been cancelled and that WFB had purchased forced-place insurance through American Security Insurance Company effective October 29, 2010.  Between October 29, 2010 and January 2011, no claims or damage had occurred to the Kellers' property.

19.    The amount of the forced-placed insurance premium that Defendants purchased for the Kellers was $3,492.00.  The premium that the Kellers owed to Mutual of Enumclaw Insurance Company for those same dates was $1,331.78.  The balance in the Kellers' escrow account at the time Wells Fargo failed to pay the insurance was $1,622.

20.    The letter received by the Kellers stated that they would be refunded all or a portion of the cost of the force-placed insurance premium they were charged if they were able to purchase an insurance policy that covered the period from October 29, 2010 through January 2011, even though Plaintiffs no longer needed insurance for those previous months and it would have been impossible for the Kellers to obtain retroactive insurance.  The letter further provides:

> If we provide the insurance, it will be obtained with the assistance of Wells Fargo Insurance, Inc., a licensed insurance agency and affiliate of Wells Fargo Bank, N.A.  Wells Fargo Insurance acts as an agent for the insurance company and will receive a commission on the insurance we obtain.

21.    The letter informed the Kellers that as a result of their increased hazard insurance premium the Kellers' monthly mortgage payments would increase to include the cost of the new policy.  As a result of Wells Fargo's conduct, the Kellers' monthly mortgage payment increased to $1,859.37 from their previous monthly payment amount of $1,149.59.

22.    After they received the letter, the Kellers contacted Defendants numerous times to ask why Wells Fargo had failed to disburse funds from escrow to pay the premium on the Mutual

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 6

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

of Enumclaw policy and to dispute their increased mortgage payment. Wells Fargo Bank failed to explain why the insurance had been allowed to lapse.

23.     The Kellers continued to pay their original monthly mortgage payment of $1,149.59, believing that Wells Fargo would rectify its own error.

24.     On May 1, 2013, Wells Fargo Bank stopped accepting the Kellers' monthly mortgage payments.

25.     On or around August 5, 2013, Northwest Trustee mailed the Kellers a Notice of Default, informing them that Wells Fargo had declared them in default on their mortgage obligation for failure to make payments to escrow for the insurance payment. The notice alleged that the Kellers' arrearage amounted to $9,728.25.

## V. CLASS ACTION ALLEGATIONS

26.     Pursuant to Washington Civil Rule 23, Plaintiffs bring this action for damages and injunctive relief on behalf of a class (the "Class") consisting of:

> All homeowners in the state of Washington who were charged for forced-place hazard insurance through Wells Fargo Bank N.A. and/or Wells Fargo Insurance, Inc. from February 13, 2010 to the present.

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to who this case is assigned and any member of the judge's immediate family.

27.     Numerosity. The proposed Class is so numerous that joinder of all members would be impracticable. Defendants sell and service thousands of mortgage loans and insurance

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 7

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

policies in the state of Washington. The names and addresses of all Class members are

ascertainable as all members' names and addresses can be identified in business records

maintained by the Defendants. On information and belief, the Class numbers in the tens of

thousands.

28.     Commonality. There are numerous questions of law and fact common to

Plaintiffs and members of the Class. These common questions of law and fact include, but are

not limited to, the following:

a.     Whether Defendants systematically charged borrowers for unnecessary

insurance coverage including, but not limited to, insurance coverage that exceeds the amount

required by law, the borrowers' mortgages, and/or backdated coverage that covered periods of

time for which Defendants had no risk of loss;

b.     Whether Defendants breached the terms of Plaintiffs' and Class members'

mortgages or loan contracts by charging them for force-placed insurance that included illegal

kickbacks;

c.     Whether Defendants have been unjustly enriched at the expense of

Plaintiffs and the Class;

d.     Whether Defendants breached the implied covenant of good faith and fair

dealing by entering into exclusive arrangements with insurance companies, which resulted in

inflated insurance premiums being charged to Plaintiffs and the Class;

e.     Whether Defendants manipulated force-placed insurance purchases in

order to maximize their profits to the detriment of Plaintiffs and the Class;

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 8

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

f.      Whether WFI performs any work or services in exchange for the "commissions" it collects;

g.      Whether the premiums Defendants charged to Plaintiffs and the Class for force-placed insurance are inflated to include kickbacks and unwarranted "commissions;"

h.      Whether Defendants breached their fiduciary duty to Plaintiffs and Class members by purchasing force-placed insurance for borrowers when it could have renewed existing policies or while homeowner had sufficient escrow funds to renew existing policies;

i.      Whether Defendants breached their fiduciary duty to Plaintiffs and the proposed Class by profiting from force-placed insurance policies that Defendants purchased using escrow funds held for the benefit of the Plaintiffs and Class members;

j.      Whether Plaintiffs and Class members are entitled to damages and/or injunctive relief as a result of Defendants' conduct;

k.      Whether Defendants' conduct as herein alleged constitutes an unfair act or practice in violation of RCW 19.86 *et seq.* (The Washington Consumer Protection Act);

l.      Whether Defendants' conduct as herein alleged constitutes a deceptive act or practice in violation of RCW 19.86 *et seq.* (The Washington Consumer Protection Act).

29.      Typicality. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

30.      Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions. Plaintiffs and their counsel are

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 9

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

31.   Predominance.  Defendants have engaged in a common course of conduct toward Plaintiffs and members of the Class.  The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

32.   Superiority.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to compensate homeowners for the damages they sustained due to Defendants' unlawful conduct. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because Defendants acted or failed to act on grounds generally applicable to the Class.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 10

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

## VI. FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

33.   Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

34.   Wells Fargo Bank is the current lender-in-interest to Plaintiffs and Class members' Deeds of Trust and is bound by the terms of those Deeds of Trust, which are written on uniform forms and contain substantially similar force-placed insurance provisions.

35.   The uniform Deeds of Trust provide that Wells Fargo Bank may obtain insurance coverage "at Lender's option and Borrower's expense" if the homeowner fails to maintain insurance on his or her property. The uniform Deeds of Trust further provide that any insurance that the lender obtains "shall cover" the lender "against any risk, hazard or liability."

36.   Wells Fargo breached its contract with Plaintiffs and Class members by engaging in conduct that permitted it to force-place insurance despite the fact that Plaintiffs and Class members had maintained insurance on their property.

37.   Wells Fargo further breached its contracts with Plaintiffs and the Class by charging Plaintiffs and the Class for backdated force-placed insurance when there was no risk to Wells Fargo's collateral.

38.   Wells Fargo further breached its contracts with Plaintiffs and the Class by purchasing policies with inflated premiums that included unearned commissions to Wells Fargo, kickbacks, and bundled administrative costs. Such costs are not costs of coverage because they do not protect Wells Fargo from risks or rights in the collateral securing Plaintiffs and Class members' loans.

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 11

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

39.     As a direct result of Wells Fargo's breaches of contract, Plaintiffs and the Class have suffered damages in the form of increased insurance premiums, escrow charges, interest payments, and other charges.

## VII. SECOND CAUSE OF ACTION

### UNJUST ENRICHMENT

40.     Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

41.     To the detriment of Plaintiffs and Class members, Defendants have been, and continue to be, unjustly enriched as a result of their unlawful collection of monies for hazard insurance far in excess of the cost of what was required under the mortgage contracts and in excess of what was needed to protect the property.

42.     To the detriment of Plaintiffs and Class members, Defendants have been, and continue to be, unjustly enriched as a result of their receipt of kickbacks and unwarranted commissions for every hazard insurance policy that they force-placed on Plaintiffs and Class members.

43.     As between the parties, it would be unjust for Defendants to retain the benefits attained by their actions. Accordingly, Plaintiffs and the Class seek a full accounting and restitution of Defendants' enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 12

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

# VIII. THIRD CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

44.     Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

45.     Defendants owed Plaintiffs and the Class a duty of good faith and fair dealing by virtue of Defendants' contractual relationship with Plaintiffs and Class members.

46.     Defendants breached the covenant of good faith and fair dealing when they failed to disburse from Plaintiffs and Class members' escrow accounts the funds set aside to pay the premiums on Plaintiffs and Class members' existing insurance policies.

47.     Defendants further breached the covenant of good faith and fair dealing by failing to renew Plaintiffs and Class members' original hazard insurance policies when they lapsed and instead force-placing hazard insurance that was far more expensive than the original policy.

48.     Defendants further breached the covenant of good faith and fair dealing by purchasing force-placed hazard insurance through affiliates to generate commissions or other compensation for itself and/or its affiliates in connection with force-placed insurance coverage.

49.     Defendants further breached the covenant of good faith and fair dealing by backdating the forced-place insurance policies thereby requiring borrowers to pay premiums on insurance covering a period of time in which no losses or damage occurred and thus in which Defendants had no risk.

50.     Defendants willfully engaged in the foregoing conduct in bad faith, for the purpose of (i) unfairly and unconscionably maximizing revenue from Plaintiffs and other Class members;

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 13

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

(ii) generating unearned commissions, interest, fees, and other compensation for Defendants and/or its affiliates; and (iii) gaining unwarranted contractual and legal advantages.

51.   Plaintiffs and the Class reasonably and justifiably relied on Defendants to (among other things) fully, honestly, and fairly disclose the amount of hazard insurance that was required for their property under their Deeds of Trust and to interpret and/or apply such requirements reasonably and fairly in good faith.  But for Defendants' conduct, Plaintiffs and other Class members would not have incurred the cost of purchasing or would not have been forced to incur the cost of purchasing hazard insurance in excess of that required by contract.

52.   As a direct result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiffs and the Class have suffered damages in the form of increased insurance premiums, escrow charges, interest payments, and/or other charges.

53.   Plaintiffs and the Class are entitled to recover their damages resulting from the foregoing breaches of the implied covenant of good faith and fair dealing.

54.   Plaintiffs and the Class are further entitled to a declaration that the premiums charged and the terms of the force-placed insurance policies violate the duties of good faith and fair dealing.

55.   Plaintiffs and the Class are further entitled to any relief deemed appropriate by this Court, including attorneys' fees and costs.

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 14

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

## IX. FOURTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

56.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

57.    Defendants hold funds in escrow on behalf of borrowers whose mortgages they service. As such, Defendants owed and owes to Plaintiffs and Class members duties of loyalty, trust and confidence, duties of good faith to act with reasonable care and exercise prudence, and duties to act in their best interest.

58.    Defendants owe and owed Plaintiffs and Class members a duty to timely disburse escrow funds to pay insurance premiums when due. It is and was Defendants' responsibility to manage Plaintiffs and Class members' escrow funds, withdraw the funds to make the payments, and to assure that there are adequate funds in the escrow to make the required payments. It is and was Defendants' responsibility to send annual statements to Plaintiffs and Class members apprising them of the status of their respective escrow accounts.

59.    As alleged herein Defendants breached their fiduciary duty to Plaintiffs and the Class by failing to pay Plaintiffs' and Class members required premiums for hazard insurance. Defendants further breached their fiduciary duty to Plaintiffs and the Class by failing to make the payments after Plaintiffs brought the issue to Wells Fargo's attention. Defendants further breached their fiduciary duty to Plaintiffs and the Class by using escrow funds to purchase highly inflated forced-placed insurance causing a significant escrow balance shortage, instead of using Plaintiffs and Class members' escrow funds to make payments on Plaintiffs' original insurance

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 15

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

policy. Defendants further breached their fiduciary duty to Plaintiffs and Class members by accepting kickbacks and unearned commissions on insurance policies that it force-placed on Plaintiffs and Class members.

60.   The actions taken by Defendants were taken in bad faith and only for the benefit of themselves and were not intended to benefit the Plaintiffs or other Class members.

61.   As a direct result of Defendants' actions, Plaintiffs and Class members have suffered injury in the form of unnecessary and inflated escrow charges, a loss of funds from their escrow accounts, and/or pending foreclosures.

62.   Plaintiffs and Class members are entitled to punitive damages because Defendants acted in bad faith in deliberate or reckless disregard of their rights and Defendants' obligation to hold Plaintiffs and Class members' escrow funds in trust.

## X. FIFTH CAUSE OF ACTION

### VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT
**(Deceptive Business Practices, RCW 19.86 et seq.)**

63.   Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

64.   Defendants are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conduct "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

65.   Plaintiffs and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 16

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

66.     Defendants engaged in deceptive acts or practices by failing to disclose that they would receive kickbacks and unearned commissions by requiring Plaintiffs and Class members to purchase force-placed hazard insurance policies.

67.     Defendants engaged in deceptive acts or practices by failing to disclose that they had failed to disburse funds from Plaintiffs and Class members' escrow accounts to pay the premiums on required hazard insurance thereby allowing the policies to lapse and to force-place more expensive hazard insurance policies issued by a Wells Fargo affiliate.

68.     Defendants' deceptive acts or practices have occurred in its trade or business and were and are capable of deceiving a substantial portion of the public. As such, Defendants' general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

69.     The facts concealed from Plaintiffs and the Class are material in that a reasonable consumer considers the amount and manner of imposing required insurance premiums when deciding whether to borrow money from a particular lender and/or to retain a particular mortgage servicer.

70.     As a direct and proximate result of Defendants' deceptive acts or practices, Plaintiffs and Class members suffered injury in fact and lost money.

71.     Plaintiffs and the Class are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 17

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

72.     Plaintiffs and the Class are also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, for the benefit of the Class members, of all or part of the ill-gotten profits Defendants received from their deceptive acts or practices.

## XI. SIXTH CAUSE OF ACTION

### VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT
### (Unfair Business Practices, RCW 19.86 et seq.)

73.     Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

74.     Defendants are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conduct "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

75.     Plaintiffs and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

76.     Defendants engaged in unfair acts or practices by failing to disclose that they would receive kickbacks and unearned commissions by requiring Plaintiffs and Class members to purchase force-placed hazard insurance policies.

77.     Defendants engaged in unfair acts or practices by failing to disburse funds from Plaintiffs and Class members' escrow accounts to pay the premiums on required hazard insurance thereby allowing the policies to lapse and to force-place more expensive hazard insurance policies issued by a Wells Fargo affiliate on Plaintiffs and the Class.

78.     Defendants engaged in unfair acts or practices by backdating force-placed hazard insurance, thereby requiring Plaintiffs and Class members to purchase hazard insurance to cover a time period for which Defendants faced no risk of loss.

79.     Defendants' failure to disclose to disclose that they would receive kickbacks and unearned commissions by requiring Plaintiffs and Class members to purchase force-placed

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 18

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

hazard insurance policies, failure to disburse funds from Plaintiffs and Class members' escrow

accounts to pay the premiums on required hazard insurance thereby allowing the policies to lapse

and to force-place more expensive hazard insurance policies issued by a Wells Fargo affiliate on

Plaintiffs and the Class, and systematic course of backdating force-placed hazard insurance,

thereby requiring Plaintiffs and Class members to purchase hazard insurance to cover a time

period for which Defendants faced no risk of loss are unfair because these acts or practices

offend public policy as it has been established by statutes, regulations, the common law or

otherwise, including, but not limited to, the public policy established by RCW 19.138 *et seq.*

80.     Defendants' failure to disclose that they would receive kickbacks and unearned

commissions by requiring Plaintiffs and Class members to purchase force-placed hazard

insurance policies, failure to disburse funds from Plaintiffs and Class members' escrow accounts

to pay the premiums on required hazard insurance thereby allowing the policies to lapse and to

force-place more expensive hazard insurance policies issued by a Wells Fargo affiliate on

Plaintiffs and the Class, and systematic course of backdating force-placed hazard insurance,

thereby requiring Plaintiffs and Class members to purchase hazard insurance to cover a time

period for which Defendants faced no risk of loss are unfair because these acts or practices (1)

have caused substantial financial injury to Plaintiffs and Class members; (2) are not outweighed

by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable

by consumers.

81.     Defendants' failure to disclose that they would receive kickbacks and unearned

commissions by requiring Plaintiffs and Class members to purchase force-placed hazard

insurance policies, failure to disburse funds from Plaintiffs and Class members' escrow accounts

to pay the premiums on required hazard insurance thereby allowing the policies to lapse and to

force-place more expensive hazard insurance policies issued by a Wells Fargo affiliate on

Plaintiffs and the Class, and systematic course of backdating force-placed hazard insurance,

thereby requiring Plaintiffs and Class members to purchase hazard insurance to cover a time

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 19

period for which Defendants faced no risk of loss are unfair because these acts or practices are immoral, unethical, oppressive and/or unscrupulous.

82.     Defendants' unfair acts or practices have occurred in its trade or business and were and are capable of injuring a substantial portion of the public.  As such, Defendants' general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

83.     As a direct and proximate result of Defendants' unfair acts or practices, Plaintiffs and Class members suffered injury in fact and lost money.

84.     Plaintiffs and the Class are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

85.     Plaintiffs and the Class are also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, for the benefit of the Class members, of all or part of the ill-gotten profits Defendants received from their force-placed insurance scheme.

## XII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for the following relief:

A.     An Order certifying the proposed Class, designating Plaintiffs as Class Representatives, and designating the undersigned as Class Counsel;

B.     An award to Plaintiffs and the Class members of compensatory, exemplary and statutory damages, including interest, in amounts to be proven at trial;

C.     An award of equitable relief as follows: (i) enjoining Wells Fargo from imposing force-placed hazard insurance on consumers in a manner that violates RCW 19.86 *et seq.*, (ii) requiring Defendants to make full restitution of all monies wrongfully obtained as a result of the

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 20

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

conduct described in this complaint, (iii) requiring Defendants to account for and disgorge all ill-gotten gains flowing from the conduct described in this complaint, (iv) imposing a constructive trust on all monies wrongfully withheld, and (v) requiring Wells Fargo to modify its agreements and practices to comport with RCW 19.86 *et seq.* and any and all applicable laws and regulations;

D.   An award of attorneys' fees and costs, as allowed by law, including but not limited to attorneys' fees and costs pursuant to RCW 19.86.090 and under the common fund doctrine;

E.   An award of pre-judgment and post-judgment interest, as provided by law;

F.   Leave to amend the Complaint to conform to the evidence presented at trial; and

G.   Such other or further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 13th day of February, 2014.

NORTHWEST CONSUMER LAW CENTER

By: _____

Adria Vondra, WSBA No. 40883
Email: adria@nwclc.org
520 East Denny Way
Seattle, Washington 98122
Telephone: (206) 805-0989
Facsimile: (206) 299-9337

Beth E. Terrell, WSBA No. 26759
Email: bterrell@tmdwlaw.com
Jennifer Murray, WSBA No. 36983
Email: jmurray@tmdwlaw.com
TERRELL MARSHALL DAUDT
 & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 21

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

David A. Leen, WSBA No. 3516
Email: david@leenandosullivan.com
LEEN & O'SULLIVAN PLLC
520 East Denny Way
Seattle, Washington 98122
Telephone: (206) 325-6022
Facsimile: (206) 325-1424

CLASS ACTION COMPLAINT PURSUANT TO CR 23 - 22

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| Scott Keller and Marnie Keller, on behalf of themselves and others similarly situated | NO.     14-2-04939-1 SEA |
| | ORDER SETTING CIVIL CASE SCHEDULE |
| Plaintiff(s), | ASSIGNED JUDGE: Schapira, Carol, Dept. 28 |
| vs. | |
| | FILED DATE: 2/13/2014 |
| Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc. | TRIAL DATE: 4/13/2015 |
| | SCOMIS CODE: *ORSCS |
| Respondent(s) | |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition***. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

Adria Vonda
_____          _____
PRINT NAME                              SIGN NAME

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**

All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**

A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**

A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**

When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**

*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**

A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**

All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 2/13/2014 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 7/24/2014 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. *[See KCLCR 4.2(a) and Notices on Page 2].* | 7/24/2014 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | 8/7/2014 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | 11/10/2014 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | 12/22/2014 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 1/5/2015 |
| | **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | 1/5/2015 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 2/23/2015 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 3/16/2015 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | 3/23/2015 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)]. | 3/23/2015 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 3/30/2015 |
| √ | Joint Statement of Evidence [KCLCR 4(K)] | 4/6/2015 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | 4/6/2015 |
| | Trial Date [*See KCLCR 40*]. | 4/13/2015 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:  2/13/2014

*Susan J Craighead*

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**
**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is available at** http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**
**A. Noting of Motions**
 **Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**