HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT KELLER and MARNIE
KELLER, on behalf of themselves and
others similarly situated,

Plaintiffs,

v.

WELLS FARGO BANK, N.A. and
WELLS FARGO INSURANCE, INC.,

Defendants.

CASE NO. C14-422 RAJ

ORDER

20      **I. INTRODUCTION**

21      This matter comes before the court on the motion of plaintiffs Scott Keller and

22  Marnie Keller ("plaintiffs" or "the Kellers"), for a temporary restraining order and

23  preliminary injunction enjoining the foreclosure of their home.  Dkt. # 14.  The

24  foreclosure sale was previously set for November 14, 2014, but defendant agreed to

25  postpone the sale to November 28, 2014 in exchange for plaintiffs' agreement to

26
27

withdraw the motion for temporary restraining order and allow the court to resolve this matter by ruling on plaintiff's motion for preliminary injunction.  Dkt. # 19.

For the reasons stated below, the court GRANTS the motion and enters a limited preliminary injunction with terms as stated at the conclusion of this order.

## II. BACKGROUND

Plaintiffs allege the following facts in support of their motion.  The Kellers allege that they are the owners of 4224 Spring Creek Lane, Bellingham WA 98226.  Dkt. # 17.  They purchased this home on October 27, 2004.  *Id.* The Kellers maintained hazard insurance through Mutual of Enumclaw Insurance Company.  *Id.* The premiums for this insurance were paid by Wells Fargo using the funds in the Kellers' escrow account.  *Id.* In January 2011, the Kellers received a notice from Wells Fargo stating that their hazard insurance had been canceled and that Wells Fargo had purchased forced-placed insurance at a cost of $3,492 through American Security Insurance Company effective October 29, 2010.  *Id.* This was the first notice the Kellers had received regarding any default in their hazard insurance payments.  *Id.* The Kellers later discovered that Wells Fargo had failed to pay their annual hazard insurance premium of $1,331 even though there was a balance of $1,662 in their escrow account.  *Id.* The notice received by the Kellers advised them that their mortgage payment would increase from $1,149.59 to $1,859.37 to cover this "force-placed" insurance.  *Id.* The Kellers allege that they called Wells Fargo numerous times to determine why this had happened to request that they correct the error.  *Id.* They further alleged that Wells Fargo admitted to the error, but never corrected it.  *Id.* Despite the dispute regarding the force-placed insurance, the Kellers continued to pay their monthly mortgage amount of $1,149.59 throughout this period.  *Id.* On May 1, 2013, Wells Fargo refused the Kellers' mortgage payment.  *Id.* On August 5, 2013, the Kellers received a notice of default stating that they were $9,728.25 in arrears.  *Id.* The Kellers claim that they have continued to pay their mortgage payments of $1,149.59, but have

1  refused to pay the increased amount due to the force-placed insurance, which they believe

2  was Wells Fargo's error. *Id.* The Kellers have approximately $100,000 of equity in their

3  home. *Id.*

4       This action was filed as a class action on behalf of the Kellers and others similarly

5  situated. Dkt. # 1. The parties later stipulated to a stay of all proceedings pending a

6  ruling on the final settlement in a related class action pending in the Southern District of

7  Florida, *Fladell v. Wells Fargo Bank N.A.*, No. 0:13-cv-60721-FAM (J. Moreno). The

8  *Fladell* class action appears to encompass plaintiffs' claims in this action and

9  accordingly, Judge Moreno issued an injunction prohibiting plaintiffs from prosecuting

10  this action unless and until they opted out of the *Fladell* settlement. Dkt. # 10.

11       Final judgment was entered in the *Fladell* Settlement on October 29, 2014. Case

12  No. 13-cv-60721, Dkt. # 260. Persons who did not timely exclude themselves from the

13  *Fladell* settlement class have released their claims against Wells Fargo. Dkt. #260, p. 3.

14  The opt-out deadline was August 19, 2014. Dkt. # 23, ¶ 6. Defendant claims that

15  plaintiffs failed to submit a timely request for exclusion and, therefore, their claims are

16  barred by *res judicata*. Dkt. #22, pp. 7-9. Plaintiffs, however, contend that they did opt

17  out of the Fladell settlement prior to the deadline. Plaintiffs have submitted no evidence

18  in support of this claim, but the class notice administrator has submitted email

19  correspondence with plaintiffs' counsel which includes an opt-out form dated July 15,

20  2014. Dkt. # 23-3. The class notice administrator maintains that this form was not

21  received by the August 19th deadline. Dkt. # 23, ¶ 8.

22  ### III. ANALYSIS

23       To obtain preliminary injunctive relief, plaintiffs must "establish that they are

24  likely to succeed on the merits, that they are likely to suffer irreparable harm in the

25  absence of preliminary relief, that the balance of equities tips in their favor, and that an

26

27

ORDER- 3

injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008).

**A. Likelihood of Success on the Merits**

Plaintiffs have alleged claims for breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the Consumer Protection Act. The court finds that plaintiffs are likely to succeed on the merits of one or more of their claims. Plaintiffs have alleged the existence of a contract, consistent performance on their end (by paying their original mortgage payment) and a breach by defendant, which caused them damage. Defendant does not dispute any of these facts on the merits.

The court is seriously concerned, however, that plaintiffs have waived the ability to pursue their claims by failing to opt out of the *Fladell* settlement. Contrary to plaintiffs' assertions, whether plaintiffs' claims are covered by the *Fladell* settlement and whether plaintiffs indeed opted out is not a matter to be decided at a later time. Rather, the *res judicata* impact of the *Fladell* settlement must be determined at the outset. An alternative conclusion would result in a waste of judicial resources and prejudice to defendant.

Accordingly, as set forth below, the court will grant limited injunctive relief to allow plaintiffs an opportunity to come forward with evidence or argument that demonstrates that they opted out of the *Fladell* settlement or that their claims are somehow not covered by the settlement.

**B. Irreparable Harm**

The court finds that the loss of plaintiffs' home, which has more than $100,000 in equity, would result in irreparable harm.

## C. Balance of the Equities

In balancing the equities, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24. In balancing the loss of plaintiffs' home against the money damages that defendant may suffer as a result of delaying the foreclosure sale, the court finds that the equities tip in plaintiffs' favor.

## D. Public Interest

Additionally, the public interest is served in temporarily enjoining defendant from proceeding with the foreclosure sale. Plaintiffs have consistently claimed that they made their mortgage payments on time and raised serious questions as to whether defendant caused the deficiency at issue here. The public would not be served by allowing such foreclosures to go forward absent a determination on the merits or clear evidence that such claims have been waived.

///

///

///

///

///

///

///

///

///

///

///

///

///

# IV. PRELIMINARY INJUNCTION

For the reasons stated above, the court grants the plaintiffs' motion for a preliminary injunction. Effective upon posting of a $1,149.59[1] bond, or equivalent security with the court:

1.  Defendant shall postpone the foreclosure of plaintiffs' home until a date after December 30, 2014.

2.  Plaintiff shall file a brief of five (5) pages or less explaining why plaintiffs' claims are not covered by the *Fladell* settlement and provide authenticated evidence demonstrating that plaintiffs' opted out of the settlement. Plaintiffs shall make this submission on or before December 10, 2014.

3.  Defendant may file a response of five (5) pages or less on or before December 17, 2014.

4.  Absent an order from the court, this preliminary injunction will automatically dissolve on December 30, 2014 and defendant will be permitted to proceed with the foreclosure sale.

5.  Plaintiffs shall file a notice with the court upon posting of the bond amount indicated above.

DATED this 25th day of November, 2014.

The Honorable Richard A. Jones
United States District Judge

---

[1] Defendant failed to address the bond amount in its opposition brief. To the extent defendant disputes the amount of the bond, it may file a motion to increase the amount set by the court. The court will address any such motion on an expedited basis.

ORDER- 6