Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

SCOTT KELLER and MARNIE KELLER, ,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

NO. 2:14-CV-00422-RAJ

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. Plaintiffs SCOTT and MARNIE KELLER ("Plaintiffs" or "Kellers") bring this action against WELLS FARGO BANK, N.A. ("Defendant" or "Wells Fargo") for damages and injunctive relief. Plaintiffs allege that Defendant failed to timely disburse funds from their escrow account to pay their yearly hazard insurance premiums causing their insurance to lapse.

## II. PARTIES

2. <u>Plaintiffs</u>. Plaintiffs Scott and Marnie Keller are residents of Bellingham, Washington.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

3. <u>Defendant Wells Fargo Bank, N.A.</u>  Wells Fargo Bank, N.A. is a national bank registered to do business in the state of Washington.  Wells Fargo Bank, N.A. does business in most counties in the state of Washington.

### III. JURISDICTION AND VENUE

4. <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiffs' claims because Defendant does business in the state of Washington and has obtained the benefits of the laws of the state of Washington.

5. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington and does business in Washington.  Thus, they have purposely availed themselves of the laws of this state.

6. <u>Venue</u>.  Venue is proper because this is an allegation of a violation of federal law.

### IV. FACTUAL ALLEGATIONS

7. On October 27, 2004, Plaintiffs Scott and Marnie Keller obtained a loan in the amount of $150,000 from Defendant Wells Fargo Bank, N.A., secured by a Deed of Trust on residential real property in Bellingham, Washington.

8. Plaintiffs' Deed of Trust includes the following provisions:

> Borrower shall pay to lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments…..(c) premiums for any and all insurance required by Lender under Section 5…These items are called "Escrow Items."

9. From the inception of the mortgage, Plaintiffs obtained the required hazard insurance though the Mutual of Enumclaw Insurance Company.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

10. Defendant specifically agreed through its contract with Plaintiffs to disburse the annual insurance payments from the Plaintiffs' escrow account. The annual premiums consisted of the following amounts:

> 2004: $444.00
> 2005: $486.00
> 2006: $464.00 (partial year payment due to failure of Defendant to timely pay the premium, but the policy was reinstated.)
> 2007: $611.00
> 2008: $688.00
> 2009: $726.00

11. At all times since the inception of the loan, the Plaintiffs maintained an escrow balance sufficient to pay the hazard insurance and property taxes. Beginning in 2006, however, the Plaintiffs started to receive notices from Mutual of Enumclaw that their home insurance premiums had not been paid. When the Plaintiffs received these notices, they contacted Defendant, informed Defendant that the premiums had not been paid, and demanded that Defendant pay the premiums. Until the annual period commencing on October 29, 2010, Defendant paid the premiums, but as a result of Defendant's failure to timely disburse the premium amounts from the Plaintiffs' escrow account, Mutual of Enumclaw increased the Plaintiffs' yearly premiums.

12. On information and belief, Defendant failed to disburse funds from the Plaintiffs' escrow account to pay the Plaintiffs' property insurance for the annual period commencing October 29, 2010 and ending October 29, 2011. Defendant failed to make this payment despite the Plaintiffs' consistent timely payments of all amounts due under their mortgage with Defendant, including a portion of their payment deposited into their insurance escrow account.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

13. In January, 2011, the Plaintiffs received a letter from Defendant informing them that their hazard insurance had been cancelled and that Defendant had purchased forced-place insurance effective October 29, 2010.

14. The letter informed the Plaintiffs that as a result of their increased hazard insurance premium the Plaintiffs' monthly mortgage payments would increase to include the cost of the new policy. As a result of Defendant's conduct, the Plaintiffs' monthly mortgage payment increased to $1,859.37 from their previous monthly payment amount of $1,149.59.

15. After they received the letter, the Plaintiffs contacted Defendant numerous times to ask why Defendant had failed to disburse funds from escrow to pay the premium on the Mutual of Enumclaw policy and to dispute their increased mortgage payment. Defendant failed to explain why the insurance had been allowed to lapse.

16. The Plaintiffs were repeatedly informed by Defendant that Defendant could see that a mistake was made and that it would be corrected.

17. The Plaintiffs continued to pay their original monthly mortgage payment of $1,149.59, believing that Defendant would rectify its own error, as promised.

18. Upon information and belief, Defendant Bank placed the Plaintiffs' payments in a suspense account and only applied payments when a full $1,859.37 was received. This resulted in what appeared to be a defaulted loan.

19. On May 1, 2013, Defendant stopped accepting the Plaintiffs' monthly mortgage payments.

20. On or around August 5, 2013, Northwest Trustee Services, Inc. mailed the Plaintiffs a Notice of Default, informing them that Defendant had declared them in default on their

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

mortgage obligation for failure to make payments. The notice alleged that the Plaintiffs' arrearage amounted to $9,728.25.

## V. FIRST CAUSE OF ACTION

### VIOLATION OF REAL ESTATE SETTLEMENT PROCEUDRES ACT, 12 U.S.C §2605(g)

21. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

22. Defendant is a federally-insured depository lender.

23. The loan from Defendant to the Plaintiffs was a "federally regulated mortgage loan" as said term is defined under 12 U.S.C. §2602(1).

24. Defendant has been the servicer of the loan since its inception.

25. The loan agreement between Defendant and the Plaintiffs required payment by the Plaintiffs into an escrow account.

26. Defendant was required to make payments out of the escrow on behalf of the Plaintiffs to maintain their hazard insurance.

27. At the time the hazard insurance premium was due, the Plaintiffs were not delinquent in making mortgage payments.

28. Defendant has violated RESPA, 12 U.S.C §2605(g), by failing to make payments from an escrow account for insurance premiums "in a timely manner as such payments become due."

29. Defendant has engaged in a pattern and practice of improperly overseeing and monitoring the disbursement of escrow payments thereby causing the failure to make timely payments of borrowers' escrow items.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

30. As a direct result of Defendant's RESPA violation, Plaintiffs have suffered actual damages including, but not limited to the following:

a) The cost of an increased deductible for replacement insurance coverage;

b) The loss of time expended by Plaintiffs in locating and securing replacement coverage;

c) The loss of time expended by Plaintiffs in repeatedly contacting Defendant in attempts to correct this failure;

d) Mental pain and suffering, mental anguish, aggravation, inconvenience, and humiliation;

e) The cost of driving to and from Plaintiffs' home in Bellingham to their attorneys' office in Seattle;

f) The decrease of Plaintiffs' credit score by the negative reporting by Defendant;

g) Additional late fees, interest, foreclosure costs

## VI. SECOND CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

32. Defendant owed Plaintiffs a duty of good faith and fair dealing by virtue of Defendant's contractual relationship with Plaintiffs.

33. Defendant breached the covenant of good faith and fair dealing when they failed to disburse from Plaintiffs' escrow accounts the funds set aside to pay the premiums on Plaintiffs existing insurance policies.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

34. As a direct result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages in the form of increased insurance premiums, escrow charges, interest payments, and/or other charges.

35. Plaintiffs are entitled to recover their damages resulting from the foregoing breaches of the implied covenant of good faith and fair dealing.

36. Plaintiffs are further entitled to any relief deemed appropriate by this Court, including attorneys' fees and costs.

## VII. THIRD CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

37. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

38. Defendant holds funds in escrow on behalf of borrowers whose mortgages they service. As such, Defendant owed to Plaintiffs duties of loyalty, trust and confidence, duties of good faith to act with reasonable care and exercise prudence, and duties to act in their best interest.

39. Defendant owed Plaintiffs a duty to timely disburse escrow funds to pay insurance premiums when due. It is and was Defendant's responsibility to manage Plaintiffs escrow funds, withdraw the funds to make the payments, and to assure that there are adequate funds in the escrow to make the required payments.

40. As alleged herein Defendant breached their fiduciary duty to Plaintiffs by failing to pay Plaintiffs' required premiums for hazard insurance. Defendants further breached their

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

fiduciary duty to Plaintiffs by failing to make the payments after Plaintiffs brought the issue to Defendant's attention.

41. As a direct result of Defendant's actions, Plaintiffs have suffered injury in the form of unnecessary and inflated escrow charges, a loss of funds from their escrow accounts, unnecessary late fees, and a pending foreclosure.

42. Plaintiffs are entitled to punitive damages because Defendant acted in bad faith in deliberate or reckless disregard of their rights and Defendant's obligation to hold Plaintiffs escrow funds in trust.

## VIII. FOURTH CAUSE OF ACTION

## NEGLIGENCE

43. Defendant owed Plaintiffs a duty of care in the management of their escrow account, including making timely payments for their hazard insurance premiums.

44. Defendant breached this duty when it failed to disburse escrow funds timely for the payment of Plaintiffs' insurance premiums.

45. The potential harm from Defendant's actions were readily foreseeable: If Plaintiffs' insurance premiums were not paid, their insurance would lapse and their home would be uninsured.

46. Defendant's actions were the proximate cause of Plaintiffs' harm.

47. Plaintiffs' have sustained damages, including loss of credit rating, emotional distress, time lost trying to rectify the error, and increased rate of insurance premiums.

## X. FIFTH CAUSE OF ACTION

## VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT
(Unfair and Deceptive Business Practices, RCW 19.86 et seq.)

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

48. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

49. Defendant is a mortgage servicer and as such, is responsible for the day-to-day management of the mortgage loan accounts of thousands of Washington homeowners. Defendant conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

50. Plaintiffs are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

51. Defendant engaged in unfair and deceptive acts or practices by failing to disburse funds from Plaintiffs escrow accounts to pay the premiums on required hazard insurance thereby allowing the policies to lapse.

52. Defendant engaged in unfair and deceptive acts and practices by failing to correct Plaintiffs' account thereby causing Plaintiffs' account to appear to be in default.

53. Defendant engaged in unfair and deceptive acts and practices by refusing to accept Plaintiffs' monthly mortgage payments even though it knew it erred in failing to pay the insurance.

54. Defendant's deceptive acts or practices have the capacity deceiving a substantial portion of the public. In addition, the acts and practices outlined above are unfair because these acts or practices (1) have caused substantial financial injury to Plaintiffs; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

55. These acts and practices listed above are unfair because these acts and practices are immoral, unethical, oppressive, and/or unscrupulous.

56. Defendant's actions affect the public interest. Defendant's general course of conduct as alleged is injurious to the public interest. Moreover, this conduct is ongoing and/or has a substantial likelihood of being repeated. Upon information and belief, Defendant manages and/or oversees escrow accounts funded by thousands of Washington homeowners, and it is likely that similar breaches are/have been perpetrated on other consumers.

57. As a direct and proximate result of Defendant's deceptive acts or practices, Plaintiffs suffered injury. Plaintiffs' injuries included, but are not limited to, lost money, negative implications on their credit, the non-current status of their home mortgage loan, the referral of their home mortgage loan to foreclosure proceedings, and emotional damages connected to the fear of losing their home.

58. Plaintiffs are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. An award to Plaintiffs of actual, compensatory, exemplary and statutory damages, including interest, in amounts to be proven at trial;

B. That the Court grant injunctive relief against Defendant, prohibiting the foreclosure of Plaintiff's residence by any entity or person until further order of this Court;

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 10

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

C. An award of attorneys' fees and costs, as allowed by law, including but not limited to attorneys' fees and costs pursuant to RCW 19.86.090 and under the common fund doctrine;

D. An award of treble damages for each and every violation of the Consumer Protection Act, plus attorney's fees and costs;

E. An award of pre-judgment and post-judgment interest, as provided by law;

F. Leave to amend the Complaint to conform to the evidence presented at trial; and

G. Such other or further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 10th day of December, 2014.

    NORTHWEST CONSUMER LAW CENTER

By: */s/Adria Vondra*
    Adria Vondra, WSBA No. 40883
    Email: adria@nwclc.org
    520 East Denny Way
    Seattle, Washington 98122
    Telephone: (206) 805-0989
    Facsimile: (206) 299-9337

    Beth E. Terrell, WSBA No. 26759
    Email: bterrell@tmdwlaw.com
    Jennifer Murray, WSBA No. 36983
    Email: jmurray@tmdwlaw.com
    TERRELL MARSHALL DAUDT
      & WILLIE PLLC
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 350-3528

    David A. Leen, WSBA No. 3516
    Email: david@leenandosullivan.com
    LEEN & O'SULLIVAN PLLC
    520 East Denny Way
    Seattle, Washington 98122
    Telephone: (206) 325-6022

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 11

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337

**CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I electronically filed the foregoing Plaintiff's FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

Robert J. Bocko
Molly J. Henry
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3300
Seattle, WA  98101
Attorneys for Defendant Wells Fargo Bank
Emails:  Robert.Bocko@KYL.com
              Molly.Henry@KYL.com

DATED this 10th day of December, 2014, at Seattle, Washington.

/s/Adria Vondra
Adria Vondra

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 12

Northwest Consumer Law Center
520 East Denny Way
Seattle, WA 98112
(206) 805-0989
FAX (206) 299-9337