HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT KELLER and MARNIE KELLER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO INSURANCE, INC.,<br><br>Defendants. | CASE NO. C14-422 RAJ<br><br>ORDER |

On November 25, 2014, this court issued limited injunctive relief prohibiting the foreclosure sale of plaintiffs' home pending further briefing by the parties. Dkt. # 29. The relevant background facts were summarized in that order. *Id.*, pp. 2-3.

Although the court found that plaintiffs were likely to succeed on the merits, the court expressed serious concern that plaintiffs had waived the ability to pursue their claims in this forum by failing to opt-out of a related class action pending in the Southern District of Florida, *Fladell v. Wells Fargo Bank N.A.*, No. 0:13-cv-60721-FAM (J. Moreno). Parties to the *Fladell* class action released all claims that "relate, concern, arise

ORDER- 1

from, or pertain in any way" to defendant Wells Fargo's "conduct, policies, or practices that concern Forced Placed Insurance."  Case No. 13-cv-60721, Dkt. #260 (Final Judgment) ¶2.b.  Plaintiffs received notice that they would be considered part of the *Fladell* class.  *See* Dkt. # 23, ¶ 5 ("Scott D. Keller and Marnie L. Keller of Bellingham Washington ("the Kellers") were among the Class Members mailed the *Fladell* Notice Packet.  The Kellers' *Fladell* Notice Packet was not returned as undeliverable.").

As more fully summarized in the court's previous order, the plaintiffs alleged on behalf of themselves and others similarly situated: that they made their monthly mortgage payments on time, that they maintained hazard insurance on their home, that they maintained sufficient funds in an escrow account for the payment of those insurance premiums, that defendant failed to make the insurance premium payments as required by the parties' contract, that as a result of defendant's conduct plaintiffs' hazard insurance was cancelled and consequently defendant purchased "force-placed insurance," which improperly caused an increase in the monthly amount due on plaintiffs' mortgage.  *See* Dkt. # 29, pp. 2-3.  Because these allegations fell squarely within the broadly-worded *Fladell* release quoted above, the court directed plaintiffs to provide authenticated evidence demonstrating that they had opted out of that case. Dkt. # 29, p. 6.  Alternatively, the court allowed plaintiffs the opportunity to explain why their claims were not encompassed by the *Fladell* release.  Plaintiffs were granted this opportunity in addition to a limited stay of the foreclosure sale contingent upon payment of $1,149.59 (their regular monthly mortgage amount) into the registry of the court on or before December 5, 2014.  Dkt. # 31, p. 2.

Plaintiffs failed to comply with this court's order.  Plaintiffs' mortgage payment was posted five days late, on December 10, 2014.  Plaintiffs also failed to provide any proof that they had opted out of the *Fladell* class action, despite implying that such proof existed in connection with their motion for preliminary injunction. Dkt. #23-3; Dkt. # 27, p. 3;  Dkt. # 35, p. 1.  Additionally, rather than explain why their claims were not

encompassed by the *Fladell* class action, plaintiffs impermissibly filed an amended complaint without leave of court. Dkt. # 33; Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").

Unfortunately, even if the court were to allow plaintiffs to amend their complaint, their proposed amended allegations still fall within the *Fladell* release of claims. In their amended complaint, plaintiffs allege that they maintained hazard insurance (*id.* at ¶ 9), that they maintained sufficient funds for the payment of the hazard insurance premiums (*id.* at ¶ 11), that defendant failed to make those premium payments as required by the parties' contract (*id.* at ¶¶ 10, 12) and that as a result of defendant's conduct, plaintiffs' hazard insurance was cancelled, causing defendant to purchase force-placed insurance, which resulted in an increase in plaintiff's monthly mortgage amount (*id.* at ¶¶ 13, 14). These allegations -- although focused solely on plaintiffs' individual claims rather than the previously asserted class claims -- still "arise from" and "pertain" to defendant's "conduct, policies, or practices that concern Forced Placed Insurance." Dkt. # 33. Because such claims were expressly waived as part of the *Fladell* settlement, the plaintiffs are barred from bringing them in this forum. Final Judgment, ¶2.b.

Accordingly, the court hereby dissolves its preliminary injunction (Dkt. # 29). Although defendant will be permitted to proceed with the foreclosure sale, nothing in this order prevents the parties from negotiating an independent resolution of this dispute. The court notes that plaintiffs have more than $100,000 of equity in their home and encourages the parties to reach a settlement, if possible.

Dated this 19th day of December, 2014.

_____
The Honorable Richard A. Jones
United States District Judge